UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GAETAN PELLETIER,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>PAUL BOTTARI, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:21-cv-00253-MMD-WGC<br><br>ORDER |

**I.   SUMMARY**

This is a tort action relating to the sale of a cattle ranch outside of Elko, Nevada. *Pro se* Plaintiff Gaetan Pelletier asserts claims for intentional interference with contractual relations, negligence, gross negligence, fraud, and civil conspiracy against Defendants Paul Bottari dba Bottari Realty and Michael Rodriguez. (ECF No. 1.) Both Bottari and Rodriguez have moved to dismiss.[1] (ECF Nos. 5 ("Bottari's Motion") and 19 ("Rodriguez's Motion").) As explained further below, the Court will grant both Motions because Plaintiff's claims are time-barred.

**II.   BACKGROUND**[2]

Defendant Bottari advertised the sale of a cattle ranch in Wells, Nevada in 2014. (ECF No. 1 at 5.) The advertisement stated that "[d]omestic water is from a spring pipe down to the buildings and troughs and under gravity flow pressure." (*Id.* at 5.) On August 29, 2014, Plaintiff signed an agreement ("Agreement") to purchase the ranch from non-parties William and Judy Rodriguez (together "Sellers"). (*Id.* at 6.)

///

---

[1] Plaintiff responded to both motions to dismiss (ECF Nos. 10, 21) and Bottari and Rodriguez replied (ECF Nos. 14, 22).

[2] The following facts are adapted from the Complaint unless otherwise noted.

The Agreement expressly included the domestic water pertinent to the ranch house. (*Id.* at 5.) However, after the sale, the Sellers, Defendant Bottari, and neighboring landowner James Middagh stated the domestic water to the ranch house did not convey and was in fact owned and controlled by Middagh. (*Id.* at 6.) The Agreement included an option to purchase "150 head of cows out of 250 cows" from the Sellers' stock and "any or all available 2014 cut hay" with which to feed the purchased cows. (*Id.* at 7.) But when Plaintiff arrived to excise his option to purchase the cows on January 26, 2015, only 161 cows were presented instead of the agreed upon 250. (*Id.* at 10.) When Plaintiff asked the Sellers where the other younger cows were, the Sellers told him that some were sold while others belonged to Defendant Rodriguez, the Sellers' son. (*Id.*)

In 2017, Plaintiff filed suit relating to the sale, naming as defendants the Sellers, as individuals and trustees, the Rodriguez Family Trust, Middagh, and Robert Wines.[3] *See Pelletier v. Rodriguez, et al.*, Case No. 3:17-cv-000642-MMD-EJY. During litigation in the other case, Plaintiff discovered that the Sellers ordered a veterinary pregnancy test for 330 cows as of November 15, 2014. (ECF No. 1 at 10.) Because Plaintiff was only presented with 161 cows when he examined them for purchase in January 2015, Plaintiff claims that the Sellers gifted the best cows to their son, Defendant Rodriguez. (*Id.*)

Plaintiff attempted to add Bottari and Rodriguez to his first case, but the motion was denied as untimely.[4] The Court reasoned that there was "no dispute that Plaintiff knew about the parties and theories of liability far in advance" of requesting to add Bottari and Rodriguez to his case.[5]

On June 3, 2021, three and a half months after his motion to add Bottari and Rodriguez was denied as untimely, Plaintiff filed this suit against Bottari and Rodriguez. (ECF No. 1.)

---

[3] Plaintiff settled with Middagh and Wines, and summary judgment was granted for the Sellers and the Rodriguez Family Trust.

[4] *See Pelletier v. Rodriguez, et al.*, Case No. 3:17-cv-00642-MMD-EJY, 2021 WL 619377 (D. Nev. Feb. 17, 2021).

[5] *Id.* at *3.

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id*. at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id*. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the Court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (internal quotation marks and citation omitted). That is insufficient. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

///

///

**IV.     DISCUSSION**

Defendants argue first that all of Plaintiff's claims are time-barred (ECF Nos. 5 at 9-13, 19 at 4-6) and, in the alternative, that Plaintiff's claims fail as a matter of law (ECF Nos. 5 at 13-21, 19 at 6-11). Because the Court finds that Plaintiff's claims are time-barred, the Court will grant both motions to dismiss, and will not reach Defendants' substantive arguments.

In Nevada, claims for intentional interference with contractual relations, negligence, gross negligence, and fraud are subject to a three-year statute of limitations. *See* NRS §§ 11.190(3)(c)-(d); *see also Job's Peak Ranch Community Ass'n, Inc. v. Douglas Cnty.*, 131 Nev. 1304 (2015) (applying a three-year limitations period for negligent misrepresentation) (unpublished decision); *Stalk v. Mushkin*, 199 P.3d 838, 839 (Nev. 2009) (holding intentional interference with a contract subject to three-year limitations period); *Siragusa v. Brown*, 971 P.2d 801, 806 (Nev. 1998) (reasoning three-year limitations period for fraud claims "accrues 'upon the discovery by the aggrieved party of the facts constituting the fraud'" (quoting NRS § 11.190(3)(d)). Civil conspiracy claims are subject to a four-year statute of limitations. *See* NRS § 11.220; *see also Flowers v. Carville*, 292 F.Supp.2d 1225, 1228 (D. Nev. 2003) (applying four-year limitations period to civil conspiracy claim).

"In determining whether a statute of limitations has run against an action, the time must be computed from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (1997). When calculating when a cause of action accrues, there is a "general rule" and a "discovery rule." *Siragusa*, 971 P.2d at 806. "The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Id.* (quoting *Petersen v. Bruen*, 792 P.2d 18, 20 (1990)). The "discovery rule" is an exception which tolls the statute of limitations "until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Petersen*, 792 P.2d at 20.

///

Plaintiff learned that he lacked rights to Middagh's spring water on January 26, 2015, the same day he arrived at the ranch to inspect the cattle. (ECF No. 1 at 11.) However, Plaintiff did not file suit until June 3, 2021, more than six years after discovering the basis for the claims alleged in the Complaint. Plaintiff admits that he "had suspected wrong doing [sic] by Defendant Paul Bottari herein with regards to domestic water misrepresentations and Defendant Michael Rodriguez . . . with respect to cattle misrepresentations" but he "depended upon further discovery to obtain his necessary evidence to add those parties" to his previous case "for such evidence to be beyond reasonable doubt." (ECF No. 10 at 3.) But Plaintiff may not wait until he has gathered all the evidence to prove his case; instead, the statute of limitations accrues when "the facts constituting the fraud are discovered, or should have been discovered, by the injured party." *Golden Nugget, Inc. v. Ham*, 589 P.2d 173, 176 (Nev. 1979). The purpose of the discovery rule exception is to prevent injustice from barring suit "before a claimant is aware of all the elements of an enforceable claim." *See Siragusa*, 971 P.2d at 807 (quoting *Spitler v. Dean*, 436 N.W.2d 308 (Wis. 1989)). Even if Plaintiff had not marshalled all the evidence required to ultimately prevail, he admits he knew of the facts that gave rise to his claims against Defendants Bottari and Rodriguez when he went to inspect the property and the cows. While Plaintiff may have been involved in protracted discovery disputes in his first case against the Sellers, Plaintiff has not shown that any tolling is warranted beyond January 2015.

Because all Plaintiff's claims are time-barred, the Court need not address whether Plaintiff's claims substantively fail as a matter of law and will grant Defendants' Motions. As amendment would be futile, Plaintiff's claims will be dismissed with prejudice.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant Bottari's motion to dismiss (ECF No. 5) is granted.

It is further ordered that Defendant Rodriguez's motion to dismiss (ECF No. 19) is granted.

The Clerk of Court is directed to enter judgement accordingly and close this case.

DATED THIS 21st Day of December 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE